# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BILLY JOE BARKER, JR.,**

        **Petitioner,**

    v.                                                   **CASE NO. 19-3213-SAC**

**DAN SCHNURR,**

        **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Courts. Rule 4 provides that a habeas court must promptly examine a petition, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," must dismiss the petition and notify the petitioner.

### Background

    Petitioner was convicted in the District Court of Greenwood County, Kansas, of attempted first-degree murder of Officer Timothy Soule, attempted first-degree murder of Officer Ryan Winfrey, attempted first-degree murder of Officer Calvin Schaeffer, aggravated assault of Officer Jim Oliver, aggravated battery, domestic battery, and obstructing legal process or officer duty.[1] He was sentenced to a term of 356 months for the primary crime against Officer Soule and a term of 206 months for the crime against Officer Winfrey. These

---

[1] The Court has developed this summary from the decision of the Kansas Court of Appeals included as an attachment to the petition.

sentences were to run consecutively, yielding a controlling sentence of 562 months. Sentences for the remaining crimes were ordered to run concurrently with the controlling sentence.

On appeal, the Kansas Court of Appeals (KCOA) overturned the conviction involving Office Soule and remanded for a new trial on that count. It also reversed the conviction of aggravated assault but did not remand that matter. On remand, the State declined to retry petitioner on the crime against Office Soule. The district court resentenced petitioner in April 2001 to 356 months for the attempted murder of Officer Winfrey and 206 months for the attempted murder of Officer Schaeffer. Petitioner's controlling sentence therefore remained 562 months.

In 2016, petitioner challenged the legality of his sentence based upon new case law governing his criminal history score. The district court adjusted his criminal history score but rejected his claim that it lacked jurisdiction at the 2001 resentencing. The district court modified his controlling term to 514 months. The KCOA affirmed the decision, finding that the district court properly applied state law. *State v. Barker*, 428 P.3d 824, 2018 WL 5093294 (Kan.Ct.App. Oct. 19, 2018).

### The petition

The sole ground for relief in the petition states:

> 28 U.S.C. 2254 – Rule 1 (a)(1)(2)(b), Guarantee fundamental 6th Amendment right to a fair and speedy trial, due process of law:
> Supporting facts: The facts outlined in the Kansas Supreme Court's decision (accompanying as appendix 1) substantially states the nature and procedural posture of this case. No further statement of facts is necessary except for … the timeliness of this petition's one-year statute of limitation as contained in 28 U.S.C. 2244(d) October 19, 2018, [does not bar pro se petitioner's petition].

**Discussion**

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, a federal court may grant habeas relief to a prisoner in state custody "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A petitioner may not obtain relief in habeas corpus on the basis of a state-law error. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.").

Because the Kansas district and appellate courts decided petitioner's challenge to his sentence based upon an interpretation of state law, claims related to that decision do not state a basis for relief in habeas corpus.

Next, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition.").

To the extent that petitioner's reference to a "fair and speedy

trial" may be read to assert trial errors outside the resentencing, the record does not show that he presented such claims to the state courts. Such claims are subject to dismissal for lack of exhaustion.

Finally, petitioner's claims of due process violations were addressed and rejected by the KCOA, which found that the retroactive application of K.S.A. 2000 Supp. 21-4720(b)(5) did not violate due process because the Kansas Sentencing Guidelines Act has always required the application of the defendant's criminal history score to the primary crime and because petitioner did not receive additional punishment following the resentencing. *Barker*, 2018 WL 5093294, *3. Petitioner does not identify any specific challenge to this ruling, and the Court finds no apparent ground to disturb the decision of the KCOA.

In a recent decision, the U.S Court of Appeals for the Tenth Circuit held that a prisoner's due process claim arising from a state court's refusal to modify a sentence under a state statute failed to "draw enough of a connection between the right to due process and the sentencing court's alleged errors to render his claim cognizable on habeas review." *Shelman v. Whitten*, 770 Fed.Appx. 423, 424 (10th Cir. 2019) (alterations omitted). *See also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017)(stating that while "[a] prisoner may seek relief .. if a state law decision is so fundamentally unfair that it implicates federal due process [,]… [a] habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label.").

Unless petitioner provides a clear challenge based in due process, this claim also is subject to dismissal.

**Order to Show Cause**

The Court directs petitioner to show cause why this matter should not be summarily dismissed for the reasons set forth. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **November 25, 2019,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 24th day of October, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge